PITTSBURGH REDUCTION CO. v. COWLES ELECTRIC SMELT-ING & ALUMINUM CO.

(Circuit Court, N. D. Ohio, Eastern Division.)

No. 4,869.

1. PATENTS—SUIT FOR INFRINGEMENT—REHEARING.
    What laches will defeat an application for a rehearing after an interlocutory decree finding infringement depends entirely on the facts in each case, and the effect which the granting or refusal of the application will have on the rights of the parties respectively.

2. SAME.
    An interlocutory decree finding infringement of the Hall patent, No. 400,766, for a process for reducing aluminum by electrolysis, set aside, and a rehearing granted on a showing of newly discovered evidence.

In Equity. Suit for infringement of letters patent No. 400,766, for a process for reducing aluminum, granted to Charles M. Hall, April 2, 1889. On motion for rehearing.

For former opinions, see 55 Fed. 301, and 64 Fed. 125.

T. W. Bakewell and G. H. Christy, for complainant.
Thurston & Bates, for defendant.

WING, District Judge. The issues arising on the hearing of this petition have been very fully discussed. I have become familiar with the opinions of his honor Judge Taft ([C. C.] 55 Fed. 301; [C. C.] 64 Fed. 125) filed upon the entry of the interlocutory decree and the refusal of a former petition for rehearing.

It is represented in the petition that certain new testimony, the existence of which was unknown at the time of the prior hearing, can be adduced. An examination of the proposed new testimony in connection with the testimony upon which the interlocutory decree was based, and the reasons stated in these opinions for the conclusions reached, raises grave doubt in my mind as to the justice of entering a final decree without a consideration of the proposed new testimony. Some new light has been thrown upon the case by the decision of the Circuit

Court of Appeals in the case of Cowles Electric Smelting & Aluminum Company et al. v. Lowrey, 24 C. C. A. 616, 79 Fed. 331.

In view of Judge Taft's opinion, it is most important to a correct decision of this cause that full information should be had upon the question as to whether commercial success resulted from the practice of the process described in the complainant's patent, or some important modification of, or addition to, such process. Judge Taft was much influenced in his decision by the fact, as it then appeared to him from the proofs, that Hall, by his process, had reduced the cost of production of aluminum in a most marked degree. Important testimony is proposed to be offered on the question as to whether or not internal heating sufficient to fuse is necessarily incident to the use of the electric current in electrolysis. There are other important questions raised by a consideration of the proposed new testimony, the solution of which seems essential to a correct final decree. I am fully appreciative of the weight and importance which should be given to the decision of so able a jurist as Judge Taft, and am of the opinion that, had he the cause before him as now presented upon this petition, unless restrained by the consideration of some imperative rule of practice in equity, he would give the defendant the opportunity of supplementing its proof in the manner prayed for.

It is urged by the complainant that there has been such lapse of time since the existence of the proposed evidence was known to the defendant that it should be barred of the relief sought. What should or should not be considered laches depends entirely upon the facts in each case. The complainant has not been injured by any delays of the defendant, except, perhaps, in the time expended in the inquisition of damages before the master. The injury inflicted upon the defendant by an erroneous decree, made such by an omission to consider all of the testimony possible to be adduced, would be far greater than that which might result to the complainant from disappointment with respect to the stability of an interlocutory decree in its favor. In the latter case the actual damage to a complainant who has acted upon the supposition that the interlocutory decree was final, so far as the court of first instance was concerned, would be reparable; but that inflicted in the former instance would be irreparable.

As a condition of the granting of the prayer of this petition, and of the defendant being allowed to reopen the cause and adduce new proofs, all costs taxed in connection with the hearing before the master in the ascertainment of damages and profits should be first paid by the defendants Upon the payment of such costs an order may be drawn providing that the interlocutory decree herein be set aside, and the cause reopened, and a rehearing thereof had, and allowing the defendant to adduce such additional proof as is set forth in its petition for rehearing, and with special order that the defendant be allowed to introduce in its additional proof in this cause such parts of the proof in the cause of The Electric Smelting & Aluminum Company v. The Pittsburgh Reduction Company, begun in the Circuit Court of the United States for the Northern District of New York, as was offered in said cause by the defendant therein and is set forth in the petition for rehearing of the defendant herein.